HONORABLE JAMES L. ROBERT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLLIN A. SULLIVAN,                                  )
                                                     )   No. 2:15-cv-01184-JLR
                          Plaintiff,                 )
                                                     )   DEFENDANT LOWE'S HOME
     v.                                              )   CENTERS, LLC'S MOTION TO
                                                     )   DISMISS CERTAIN CLAIMS
LOWE'S HIW, INC. a Washington corporation,           )   UNDER FED. R. CIV. P. 12(b)(6)
and LOWE'S HOME CENTERS, LLC, a North                )
Carolina limited liability company,                  )   NOTE ON MOTION CALENDAR:
                                                     )
                          Defendants.                )   **AUGUST 28, 2015**
                                                     )

DEFENDANT'S. MOT. TO DISMISS
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

2

**TABLE OF CONTENTS**

I.   INTRODUCTION AND RELIEF REQUESTED..................................................... 1

II.  STATEMENT OF FACTS ................................................................................. 1

    A.    Defendant ................................................................................. 1

    B.    Plaintiff .................................................................................... 2

    C.    Plaintiff's Allegations.............................................................. 2

III. ARGUMENT AND AUTHORITY .................................................................... 2

    A.    Legal Standard......................................................................... 3

    B.    Plaintiff Failed to Exhaust His Administrative Remedies ............................ 4

    C.    Plaintiff's Claim Is Not Even Cognizable Under GINA ............................... 5

IV.  CONCLUSION.............................................................................................. 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DEFENDANT'S. MOT. TO DISMISS - i
DWT 27510395v1 0086846-000049

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Albrecht v. Lund*,
845 F.2d 193 (9th Cir.) amended, 856 F.2d 111 (9th Cir. 1988).......................................6

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937 (2009) ........................................................................1, 3

*Balas v. Huntington Ingalls Indus., Inc.*,
711 F.3d 401 (4th Cir. 2013) .............................................................................................4

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1988) .............................................................................................3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................................................3, 4

*Blantz v. California Dept. of Corr.*,
727 F.3d 917 (9th Cir. 2013) .............................................................................................3

*Conley v. Gibson*,
355 U.S. 41, 78 S. Ct. 99 (1957) .......................................................................................3

*Dejeu v. Dept. of Labor & Indus.*,
No. C13-5401 RBL, 2013 WL 5437649 (W.D. Wash., Sept. 27, 2103).........................6

*Echols v. Living Classrooms Found., Inc.*,
WDQ–13–03156, 2014 WL 6835559 (D. Md., Dec. 2, 2014).....................................4, 5

*Flint v. Action Personnel, Inc.*,
2013 WL 6729528 (W.D. Vir., Dec. 19, 2013) ...............................................................4

*Lebrón-Ríos v. United States Marshal Serv.*,
341 F.3d 7 (1st Cir. 2003)..................................................................................................4

*McGowan v. Washington State Dep't of Labor and Industries*,
No. CV-05-5009-EFS, 2005 WL 1421111 (E.D. Wash., June 16, 2005) ........................3

*Nijjar v. Holder*,
689 F.3d 1077 (9th Cir. 2012) ...........................................................................................6

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .............................................................................................3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Vasquez v. L.A. Cnty.*,
    487 F.3d 1246 (9th Cir. 2007) ........................................................................................3

**Federal Statutes**

42 U.S.C. § 2000e-5(e)(1) ..................................................................................................4

42 U.S.C. § 2000ff.................................................................................................. 1, 2, 4-6

**State Statutes**

Chapter 49.60 RCW .............................................................................................................2

**Rules**

Fed. Rule of Civ. P. 12(b)(6) ..........................................................................................2, 3

**Regulations**

29 C.F.R. § 1635.10............................................................................................................4

29 C.F.R. 1635.3.................................................................................................................6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# I.      INTRODUCTION AND RELIEF REQUESTED

Plaintiff Collin Sullivan claims Defendant Lowe's Home Centers, LLC[1] ("Lowe's" or "Defendant") discriminated against him in violation of the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(b) when it asked him to submit to a drug test administered by cheek swab after he reported an on-the-job injury.  Plaintiff's GINA claim should be dismissed for two reasons.

*First*, Plaintiff has failed to exhaust his administrative remedies before bringing this claim.  He never filed a genetic discrimination charge with the EEOC (or other state agency authorized to grant relief under the Act), nor does he allege doing so in his Complaint. Plaintiff's failure to comply with the statutory prerequisites for exhaustion is an absolute bar to his claim.

*Second*, Plaintiff's GINA claim is not cognizable in any event.  Plaintiff admits Lowe's was attempting to administer a drug test, not a genetic test, and it is not unlawful to administer drug tests under GINA.

For these reasons, Defendant respectfully requests that the Court grant its motion and dismiss Plaintiff's GINA claim with prejudice.[2]

# II.      STATEMENT OF FACTS[3]

## A.      Defendant Lowe's Home Centers, LLC

Lowe's Home Centers, LLC is incorporated under the laws of North Carolina with is principle place of business and corporate headquarters located in Mooresville, North Carolina. Complaint, ¶ 1.3.  Lowe's operates a retail store in Issaquah, Washington.  *Id*., ¶ 1.5

---

[1] Plaintiff names both Lowe's HIW, Inc. and Lowe's Home Centers, LLC.  Lowe's HIW, Inc. is no longer an active corporation in Washington State.  It merged with Lowe's Home Centers, LLC in 2014. Lowe's HIW, Inc. should not be named as party.
[2] Defendant does not seek dismissal of Plaintiff's other claims asserted in his lawsuit at this time.
[3] For purposes of this motion and this motion only, Defendant presumes the facts as alleged in the Complaint are true.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (noting that for purposes of a motion to dismiss, court's take factual allegations in the complaint as true).  By filing this motion, Defendant does not waive its right to later challenge these factual assertions, nor does it waive any other defenses or counter claims.

DEFENDANT'S. MOT. TO DISMISS - 1
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

### B.   Plaintiff

Plaintiff is a resident of Issaquah, Washington.  *Id*, ¶ 1.1.  Lowe's employed Plaintiff at its Issaquah location from 2001 until July 2012, when Lowe's terminated him.  *Id*., ¶¶ 2.2, 2.16. In early June, Plaintiff suffered an injury that he later alleged was work-related.  *Id*., ¶¶ 2.3-2.4. Plaintiff filed a workers' compensation claim, and as part of that process, he met with a representative of Lowe's HR department in July 2012.  *Id*.  Consistent with Lowe's practice for workplace accidents, Lowe's asked Plaintiff to submit to a drug test taken in the form of a cheek swab.  *Id*., ¶ 2.11.  Plaintiff refused, and Lowe's terminated his employment shortly thereafter.  *Id*., ¶ 2.11-2.16.

### C.   Plaintiff's Allegations

Plaintiff alleges five employment-related claims under Washington state law.  He alleges one common-law right of action for wrongful discharge in violation of public policy, (*id*., ¶¶ 3.2-3.5) and four statutory claims under the Washington Law Against Discrimination (Chapter 49.60 RCW), including age discrimination and disability discrimination (*id*., ¶¶ 3.6-3.11), failure to accommodate his disability (*id*., ¶¶ 3.16-3.18), and retaliation (*id*., ¶ 3.12-3.13). He also alleges that Lowe's violated the Genetic Information Nondiscrimination Act (GINA), 42 U.S.C. § 2000ff-1(b), by terminating his employment after he refused to submit to a drug test (*id*., ¶ 3.19-3.23).

Plaintiff filed his Complaint in state court.  Defendant removed to this Court on July 27, 2015, based on complete diversity jurisdiction and, alternatively, federal question jurisdiction. Dkt. No. 1 (Def.'s Notice of Removal).

### III.   ARGUMENT AND AUTHORITY

Plaintiff's GINA claim should be dismissed under Fed. Rule of Civ. P. 12(b)(6) for two independently sufficient reasons.  Plaintiff did not plead any facts showing that he exhausted his administrative remedies under the Act before proceeding against Lowe's in civil court. Separately, Plaintiff's claim, as pled, is not cognizable under GINA because a run-of-the-mill drug test is not a "genetic test" under the Act or its implementing regulations.

DEFENDANT'S. MOT. TO DISMISS - 2
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## A.  Legal Standard

The Federal Rules of Civil Procedure permit dismissal for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The Court should grant a defendant's Rule 12(b)(6) motion if the allegations in a complaint would not entitle the plaintiff to any relief, either because they lack "a cognizable legal theory" or do not contain "sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, (1957); *see also McGowan v. Washington State Dep't of Labor and Industries*, No. CV-05-5009-EFS, 2005 WL 1421111 at *2 (E.D. Wash., June 16, 2005) ("A claim should be dismissed where there is a 'lack of cognizable legal theory' or 'absence of sufficient facts alleged under a cognizable legal theory.'").  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).  A plaintiff must allege enough facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 570.

Although the Court must accept well-pleaded facts, conclusory legal allegations and unwarranted inferences cannot defeat a motion to dismiss.  *See Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."  *Iqbal*, 556 U.S. at 686.  "A complaint will not survive a motion to dismiss if it 'tenders naked assertions devoid of further factual enhancement."  *Blantz v. California Dept. of Corr.*, 727 F.3d 917, 927 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  "It is not . . . proper for the court to assume that [the plaintiff] can prove facts that it has not alleged or that defendants have violated . . . laws in ways that have not been alleged."  *Twombly*, 550 U.S. at 588 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 540, 103 S. Ct. 897 (1983)).

DEFENDANT'S. MOT. TO DISMISS - 3
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

1    When the allegations fail to state a claim, as they do here, "this basic deficiency should .

2  . . be exposed at the minimum expenditure of time and money by the parties and the court."

3  *Twombly*, 550 U.S. at 558 (citation omitted).  If the allegations do not "state a claim to relief

4  that is plausible on its face," the court must dismiss the claim.  *Id.* at 570.

5  **B.    Plaintiff Failed to Exhaust His Administrative Remedies**

6    GINA prohibits discrimination against employees on the basis of genetic information.

7  Among its prohibitions, the Act makes it unlawful for an employer to "discharge . . . any

8  employee . . . because of genetic information with respect to the employee," 42 U.S.C. §

9  2000ff-1(a)(1), or "request, require, or purchase genetic information with respect to an

10  employee" unless an exemption applies.  42 U.S.C. § 2000ff-1(b).

11    To pursue a GINA claim in court, a plaintiff must file a timely and sufficient charge

12  with the EEOC (or authorized state agency) and obtain a right to sue letter before filing suit in a

13  civil court.  *See* 42 U.S.C.2000ff-6(a)(1) (incorporating 42 U.S.C. § 2000e-5(e)(1)); *see also* 29

14  C.F.R. § 1635.10 (incorporating administrative remedy requirements from Title VII);  *Lebrón-*

15  *Ríos v. United States Marshal Serv*., 341 F.3d 7, 12 (1st Cir. 2003) (dismissing a Title VII suit

16  filed without exhausting administrative remedies).  This "exhaustion" requirement "reflects a

17  congressional intent to use administrative conciliation as the primary means of handling claims,

18  thereby encouraging quicker, less formal, and less expensive resolution of disputes."  *Balas v.*

19  *Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 407 (4th Cir. 2013) (quoting *Chris v. Tenet*, 221

20  F.3d 648, 653 (4th Cir. 2000)).  Courts uniformly hold that a failure to file an EEOC charge is a

21  complete bar, precluding plaintiff's claim.  *See, e.g., Echols v. Living Classrooms Found., Inc.,*

22  WDQ–13–03156, 2014 WL 6835559, at *7 (D. Md., Dec. 2, 2014) (applying Title VII's

23  exhaustion requirements to GINA claim and dismissing GINA claim for failing to file a

24  sufficient EEOC charge); *Flint v. Action Personnel, Inc*., 2013 WL 6729528, *2 (W.D. Vir.,

25  Dec. 19, 2013) (dismissing plaintiff's GINA for failing to plead sufficient to show she

26  exhausted administrative remedies).

27

DEFENDANT'S. MOT. TO DISMISS - 4
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    Here, Plaintiff alleges (1) that he suffered a workplace injury and filed a workers'

2  compensation claim in June 2012; (2) that Lowe's demanded he "take a drug test in the form of

3  a cheek swab" in July 2012; (3) that this request to submit to a drug test violated his rights

4  under GINA; (4) and that he filed a complaint with the "Department of Labor and Industries" in

5  August or September 2012, alleging retaliation for filing a workers' compensation claim.

6  Complaint, ¶¶ 2.3-2.4, 2.10- 2.13, 2.18, 3.19-3.23.

7    These facts, even if true, are facially inadequate to support a GINA claim.  Plaintiff

8  does not allege that he filed a charge with the EEOC or that he obtained a right to sue letter,

9  which are statutory prerequisites to a civil lawsuit.[4]  Plaintiff plainly failed to exhaust the

10  administrative process and failed to plead facts sufficient to his claim.  His claim should be

11  dismissed for this reason alone. *See, e.g., Echols*, 2014 WL 6835559, at \*7.

12  **C.    Plaintiff's Claim Is Not Cognizable Under GINA**

13    Even if Plaintiff exhausted his administrative remedies (he did not), and pleaded facts

14  sufficient to support that inference in his Complaint (he did not), his claim should still be

15  dismissed.  Plaintiff's claim is not cognizable under GINA because post-accident drug tests are

16  expressly permitted under Act.

17    GINA makes it unlawful for an employer to "request . . . genetic information with

18  respect to an employee" unless one of six enumerated exemptions applies (none of which

19  appear relevant here).  42 U.S.C. § 2000ff-1(b).  "Genetic Information" means information as

20  "with respect to any individual, information about (i) such individual's genetic tests, (ii) the

21  genetic tests of family members of such individual, and (iii) the manifestation of a disease or

22  disorder in family members of such individual."  42 U.S.C. § 2000ff(4)(A).  Because Plaintiff

23  does not allege that Lowe's administered a genetic test to a family member or sought

24  information about a family member's disease or disorder, only Part (i) applies.  As a result,

25
_____

26  [4] Plaintiff's assertion that he filed a claim with the Washington Department of Labor and Industries
(L&I) does not cure this defect because L&I has no jurisdiction over allegations of GINA violations.
Even if it has proper jurisdiction, which it does not, Plaintiff's claim does not allege any discrimination

27  based on GINA in his L&I complaint.

DEFENDANT'S. MOT. TO DISMISS - 5
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1    "genetic information" means information about an employee's "genetic tests" for purposes of

2    this case.

3          "Genetic tests" is also defined by statute.  It means "an analysis of human DNA, RNA,

4    chromosomes, proteins, or metabolites that detects genotypes, mutations, or chromosomal

5    changes." 42 U.S.C. § 2000ff(7)(A).  Absent is any mention whatsoever of drugs and drug

6    tests.  When a statute is unambiguous, as it is here, courts enforce it as written and will not

7    impute terms that Congress did not provide.  *Nijjar v. Holder*, 689 F.3d 1077, 1084-85 (9th Cir.

8    2012).  GINA thus does not prohibit tests for and information about the presence or absence of

9    drugs in one's system.  Requesting a run-of-the-mill drug test does not fall with the ambit of

10   prohibited activity under the Act.

11         Implementing regulations codify this interpretation.  Not only do the regulations adopt

12   substantially similar definitions of "genetic information" and "genetic test," *compare* 29 C.F.R.

13   1635.3 *with* 42 U.S.C. §§ 2000ff(4)(A) and (7)(A), but they go even further, expressly

14   excluding drug tests from the definition of "genetic test."  The regulations state, "***A test for the***

15   ***presence of alcohol or illegal drugs is not a genetic test***." 29 CFR 1635.3(f)(4)(i).[5]  And as

16   intimated above, Plaintiff admits that Lowe's was attempting to administer a "drug test" and

17   not a genetic test.  Complaint, ¶ 2.10.  Plaintiff, therefore, failed to plead a cognizable legal

18   theory.  Because this defect cannot be cured by an amended complaint, the claim should be

19   dismissed with prejudice. *See*, *e.g.*, *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.) amended,

20   856 F.2d 111 (9th Cir. 1988) (leave to amend should be denied if amendment would be futile);

21   *Dejeu v. Dept. of Labor & Indus.*, No. C13-5401 RBL, 2013 WL 5437649, at * 3 (W.D. Wash.,

22   Sept. 27, 2013) (dismissing claims with prejudice under 12(b)(6)).

23

24

25

26   [5] The regulations clarify that a test "to determine whether an individual has a genetic predisposition for alcoholism
or drug use," is, however, a genetic test. 29 CFR 1635.3(f)(4)(ii).  But this provision does not apply.  Plaintiff
admits that Lowe's attempted to administer a "drug test," not a genetic-predisposition-to-drug-use test, and
27   Plaintiff does not allege otherwise. *See* Complaint, ¶¶ 2.11-2.16, 3.19-3.23.

DEFENDANT'S. MOT. TO DISMISS - 6
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# IV.    CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Court grant its motion and dismiss Plaintiff's GINA claim.

DATED this 3rd  day of August, 2015.

Davis Wright Tremaine LLP
Attorneys for Lowe's Home Centers, LLC

By s/ Sheehan Sullivan Weiss
    Sheehan Sullivan Weiss, WSBA #33189
    1201 3rd Avenue, Ste. 2200
    Seattle, WA 98101
    P: 206-622-3150
    F: 206-757-7700
    Email: sheehansullivanweiss@dwt.com


By s/ John Hodges-Howell
    John Hodges-Howell, WSBA #42151
    1201 3rd Avenue, Ste. 2200
    Seattle, WA 98101
    P: 206-622-3150
    F: 206-757-7700
    Email: johnhodgeshowell@dwt.com

DEFENDANT'S. MOT. TO DISMISS - 7
DWT 27510395v1 0086846-000049

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

1

**CERTFICATE OF SERVICE**

2

I hereby declare that on August 3rd, 2015, I electronically filed the foregoing with

3

the Clerk of the Court using the CM/ECF system which will send notification of such filing

4

to the following::

5

6          Patrick B. Reddy
           EMERY | REDDY, PLLC
7          600 Stewart Street, Suite 1100
           Seattle, WA  98101
8          Tele: (206) 442-9106
           Fax: (206) 441-9711
9

10                                              _s/ Donna L. Alexander_____
                                                Donna L. Alexander
11                                              1201 3rd Avenue, St. 2200
                                                Seattle, WA 98101
12                                              P:  206-757-8402
                                                Email: donnaalexander@dwt.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

DEFENDANT'S. MOT. TO DISMISS - 8
DWT 27510395v1 0086846-000049