UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COLLIN A. SULLIVAN,<br><br>                Plaintiff,<br><br>      v.<br><br>LOWE'S HIW, INC., et al.,<br><br>                Defendants. | CASE NO. C15-1184JLR<br><br>ORDER DISMISSING CLAIM |

## I.  INTRODUCTION

This matter comes before the court on Defendant Lowe's Home Centers, LLC's ("LHC")[1] motion to dismiss (Mot. (Dkt. # 9)), which seeks dismissal of Plaintiff Collin Sullivan's claim for violation of the Genetic Information Nondiscrimination Act

---

[1] The court treated Lowe's HIW, Inc. ("LHIW") as fraudulently joined for purposes of assessing the court's subject matter jurisdiction. (*See* Order (Dkt. # 10) at 2 n.1.) However, notwithstanding LHC's assertion that LHIW "should not be named as a party" (*see* Mot. at 1 n.1), which Mr. Sullivan has not disputed (*see generally* Resp.), LHIW has not been formally dismissed (*see generally* Dkt.), and thus remains a party to this case.

ORDER- 1

("GINA"), 42 U.S.C. § 2000ff-1(b). (*See* Not. of Rem. (Dkt. # 1) ¶ 2, Ex. A ("Compl.") ¶¶ 3.19-3.23.) Mr. Sullivan opposes that motion (*see* Resp. (Dkt. # 11)), and LHC has filed a reply to his response (*see* Reply (Dkt. # 14)). Having reviewed the submissions of the parties, the relevant portions of the record, and the applicable law,[2] the court DISMISSES WITHOUT PREJUDICE Mr. Sullivan's GINA claim.

## II.   BACKGROUND[3]

This lawsuit centers around LHC's handling of a workplace injury incurred by Mr. Sullivan. (*See generally* Compl.) Mr. Sullivan suffered the injury as an employee of LHC on approximately June 2, 2012. (*See id.* ¶¶ 2.2-2.3.) He requested an accommodation for that injury on June 18, 2012, which LHC never acknowledged. (*See id.* ¶¶ 2.7-2.8.) LHC's human resources department met with Mr. Sullivan on approximately July 3, 2012, and "demanded" that he "take a drug test in the form of a cheek swab, in the [LHC] human resources department offices." (*Id.* ¶¶ 2.9-2.10.)

Although his complaint also alleges discrimination and retaliation in violation of several Washington statutes (*see id.* ¶¶ 3.2-3.18), Mr. Sullivan's GINA allegation—the subject of the instant motion to dismiss—centers on this cheek swab (*see id.* ¶¶ 3.19-3.23). The cheek swab was to occur at the LHC office rather than a medical facility, and when Mr. Sullivan offered to instead take any required drug tests at a medical

---

[2] Mr. Sullivan requests oral argument (*see* Resp. at 1), but the court deems oral argument unnecessary for the disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] Because LHC moved for dismissal, all facts articulated herein are based upon Mr. Sullivan's complaint. *See infra* Part III.A. (describing the legal standard when evaluating a motion to dismiss).

ORDER- 2

establishment, LHC "stated that it would not be necessary" to do so. (*Id.* ¶¶ 2.11, 2.14-2.15.) LHC did not inform Mr. Sullivan which lab would perform the drug testing and did not explain to Mr. Sullivan his rights under GINA, despite the fact that the cheek swab enabled its handlers to collect Mr. Sullivan's genetic data. (*See id.* ¶¶ 2.11-2.13.) Accordingly, Mr. Sullivan refused to consent to the cheek swab, for which LHC terminated him on approximately July 31, 2012. (*See id.* ¶¶ 2.14-2.15.)

On or about July 5, 2012, prior to his termination, Mr. Sullivan filed a claim for worker's compensation with the Washington State Department of Labor and Industries ("DLI"), which allowed Mr. Sullivan full benefits. (*Id.* ¶¶ 2.4-2.5.) On September 3, 2012, Mr. Sullivan filed a complaint with the DLI requesting an investigation of potential retaliation for filing a worker's compensation claim. (*See id.* ¶ 2.18; Resp. at 1 & n.1, Ex. 1 ("DLI Complaint").) The DLI responded via letter on September 20, 2012, and informed Mr. Sullivan that it would not take action on his behalf. (*See* Compl. at 2 & n.2, Ex. 2 ("DLI Letter").)[4]

Mr. Sullivan filed this case in Washington state court on June 25, 2015. (*See* Compl. at 1.) LHC removed the case to this court (*see* Not. of Rem. at 1), and now seeks

---

[4] Typically, a court considering evidence outside the pleadings must convert a motion to dismiss into a motion for summary judgment. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "Certain written instruments attached to pleadings may be considered part of the pleading." *Id.* (citing Fed. R. Civ. P. 10(c)). However, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908. Because Mr. Sullivan references his September 2012 communications with the DLI in his complaint (*see* Compl. ¶ 2.18), they help form the basis of his GINA claim (*see* Resp. at 4-6), and LHC does not challenge their incorporation (*see generally* Reply), the court considers them as incorporated into Mr. Sullivan's complaint.

ORDER- 3

to dismiss Mr. Sullivan's GINA claim on two independently sufficient bases: (1) Mr. Sullivan failed to exhaust his administrative remedies; and (2) GINA expressly permits drug tests (*see* Mot. at 1).

### III.   ANALYSIS

**A.   Legal Standard**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

The court, however, need not accept as true a legal conclusion presented as a factual allegation. *Id.* at 678. Although the pleading standard announced by Rule 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). A

pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss under Rule 12(b)(6). *Id.*

**B.   Exhaustion**

LHC argues that Mr. Sullivan fails to state a claim under GINA because he has not exhausted his administrative remedies. (*See* Mot. at 4-5.) GINA's remedies section incorporates the exhaustion provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *See* 42 U.S.C. § 2000ff-6(1)(a) (incorporating "[t]he powers, procedures, and remedies provided in" the enforcement and remedies provisions of Title VII); 29 C.F.R. § 1635.10 (incorporating by reference the administrative exhaustion requirement from other discrimination statutes into alleged violations of Title II of GINA). This exhaustion requirement obligates Mr. Sullivan to file a discrimination charge with the United States Equal Employment Opportunity Commission ("EEOC"), see that investigation to its conclusion, and receive a right-to-sue letter—at that point, he is free to file a private lawsuit. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) (applying the exhaustion requirement in a Title VII lawsuit); *Ellie v. Sprint*, No. TDC-15-0881, 2015 WL 5923364, at *1 (D. Md. Oct. 7, 2015) (applying the exhaustion requirement in a GINA lawsuit). Mr. Sullivan concedes that he failed to file a charge with the EEOC. (Resp. at 4.)

Some state agencies have worksharing agreements with the EEOC. *See Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1175-76 (9th Cir. 1999). In lieu of filing with the EEOC, an individual can file with the affiliated state agency, which will dual-file the complaint with the EEOC as a matter of course. *See id.* This procedure satisfies Title

ORDER- 5

VII and those statutes—such as GINA—that incorporate by reference Title VII's exhaustion requirement. *See Jensen v. Sweet Home Lodge No. 1872 & Protective Order of Elks of U.S.*, No. 06-6329-AA, 2007 WL 3051657, at *1 (D. Or. Oct. 16, 2007); *see also Folk v. Petco Animal Supplies Stores, Inc.*, No. 2:13-cv-00124-BLW, 2013 WL 3322636, at *4 (D. Idaho July 1, 2013) ("This dual filing system seeks to protect plaintiffs' rights under both federal and state or local law without creating additional administrative barriers."). Although it does not matter whether the state agency *actually* forwards a complaint to the EEOC, it is crucial "whether it was *intended* to be forwarded under the worksharing agreement." *Laquaglia*, 186 F.3d at 1176.

Mr. Sullivan makes no allegation that such a worksharing agreement exists between the DLI and the EEOC. (*See generally* Compl.) Indeed, Mr. Sullivan concedes that he "filed with an erroneous state agency." (Resp. at 5.) He argues, however, that filing with the DLI was functionally equivalent to filing with the EEOC and that he would have the right to sue under GINA "[b]ut for a mistake in agency filing." (*Id.*) Therefore, Mr. Sullivan concludes, the court should treat GINA's exhaustion requirement as satisfied by virtue of his September 3, 2012, DLI complaint (*see* Resp. at 1 & n.1; DLI Complaint), and the DLI's responsive letter (*see* Resp. at 2 & n.2; DLI Letter). Mr. Sullivan's functionalist argument ignores that a principal goal of the administrative exhaustion requirement—"to ensure that the EEOC has the opportunity to investigate potential claims"—goes unachieved when an individual fails to submit a claim either directly to the EEOC or to an agency that workshares with the EEOC. *See Brown v. Dep't of Pub. Safety*, 446 F. App'x 70, 75 (9th Cir. 2011) (unpublished); *Foster v.*

ORDER- 6

*Ruhrpumpen, Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004) (positing that one of the dual purposes of the individual filing requirement is "providing the EEOC with an opportunity to conciliate the claims"). Furthermore, the letter Mr. Sullivan received from the DLI recommends that he contact the Human Rights Commission, the EEOC, or the "Coordinated Legal Education, Advice and Referral," for "free legal assistance." (*See* DLI Letter at 1.) Far from constituting the right-to-sue letter that Mr. Sullivan characterizes it as (*see* Resp. at 5), this letter merely recommends consulting with "a private attorney to consider options separate from those taken by" the DLI and informs Mr. Sullivan of the typical statute of limitations on such claims. (*Id.*) The court is therefore unpersuaded that Mr. Sullivan's communications with the DLI satisfy GINA's administrative exhaustion requirement.

In sum, Mr. Sullivan has provided no evidence that he exhausted the available administrative remedies by filing a charge with an appropriate agency. This failure to exhaust his administrative remedies deprives the court of subject matter jurisdiction over Mr. Sullivan's GINA claim.[5] *See Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001); *Gibson v. Wash. State Univ.*, No. 12-CV-5118-TOR, 2013 WL 24392, at *3 (E.D. Wash. Jan. 2, 2013) ("Because Plaintiff did not file a charge with the EEOC or the

---

[5] Although LHC's motion nominally sought dismissal on Rule 12(b)(6) grounds, the proper conclusion when a plaintiff has not exhausted his administrative remedies is that the court lacks subject matter jurisdiction. *See B.K.B.*, 276 F.3d at 1099. Moreover, the court has the obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte* if necessary. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)); *accord United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) ("The Court 'ha[s] an independent obligation to address *sua sponte* whether [it] has subject-matter jurisdiction.'") (quoting *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)).

ORDER- 7

1 Washington State Human Rights Commission prior to filing his . . . claims, this Court

2 lacks subject matter jurisdiction to adjudicate them."). The court therefore dismisses Mr.

3 Sullivan's GINA claim without prejudice.[6]

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS LHC's motion (Dkt. # 9) and DISMISSES WITHOUT PREJUDICE Mr. Sullivan's GINA claim.[7] The court grants Mr. Sullivan 30 days from the filing of this order to amend his GINA complaint to cure the deficiencies identified herein.

Dated this 22nd day of October, 2015.

JAMES L. ROBART
United States District Judge

---

[6] Because the court concludes that Mr. Sullivan fails to allege that he filed with an appropriate agency, the court expresses no opinion on the merits of LHC's other contentions: (1) that the DLI Complaint does not allege with sufficient specificity an instance of genetic discrimination (see Mot. at 5); and (2) that irrespective of any exhaustion deficiencies, Mr. Sullivan's claim is not cognizable under GINA (see id. at 5-6).

[7] In response to the court's order to show cause, LHC demonstrated complete diversity. (See Resp. to OSC (Dkt. # 12) at 1-2.) The court therefore has subject matter jurisdiction over the case notwithstanding the fact that only Mr. Sullivan's state law claims remain at issue.

ORDER- 8